UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**
JUN 24 2016

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYRONE STEVEN ANDREWS,<br><br>    Defendant. | 3:15-CR-30120-RAL<br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MISJOINDER OR SEVERANCE |

  A superseding indictment charged Defendant Tyrone Steven Andrews with aggravated sexual abuse (Count I), abusive sexual contact (Count II), and abusive sexual contact of a minor (Count III). Doc. 33. Count I alleges that Andrews used force to cause Selena Chief Eagle to engage in a sexual act on or between May 23, 2015 and June 7, 2015, in Okreek, South Dakota. Doc. 33. Count II alleges that Andrews engaged in sexual contact with E.Z. when she was incapable of declining participation in the contact on or between February 22, 2013 and February 25, 2013, in Rosebud, South Dakota. Doc. 33. Count III alleges that Andrews engaged in sexual contact with E.Z. when she was at least twelve but not yet sixteen years of age on the same dates and in the same place alleged in Count II. Doc. 33. Andrews moved for an order of misjoinder under Federal Rule of Criminal Procedure 8(a) or, alternatively, severance of Count I from Counts II and III under Federal Rule of Criminal Procedure 14(a). Doc. 56. Andrews also seeks a ruling that the evidence concerning Count I is inadmissible at a separate trial on Counts II and III, and vice versa. Doc. 56. For the reasons explained below, Andrews's motion is denied.

**I. Joinder under Rule 8(a)**

1

Rule 8(a) provides that a single indictment may charge a defendant in separate counts with multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency. United States v. McCarther, 596 F.3d 438, 441–42 (8th Cir. 2010); see also United States v. Two Hearts, No. CR 12-30108-RAL, 2013 WL 175780, at *1 (D.S.D. Jan. 16, 2013). This Court previously held that Eighth Circuit precedent required that the propriety of joinder of defendants under Rule 8(b) be determined by the face of the indictment alone. United States v. Condon, No. 3:14-CR-30083-01-02-RAL, 2014 WL 6694782, at *4–5 (D.S.D. Nov. 26, 2014). Other judges within the Eighth Circuit have concluded that the same precedent this Court relied on in Condon restricts courts to the allegations in the indictment when considering whether offenses are properly joined under Rule 8(a). United States v. Recker, No. 12-CR-2027-LRR, 2013 WL 785643, at *3 (N.D. Iowa Mar. 1, 2013); United States v. Robinson, 903 F. Supp. 2d 766, 794 (E.D. Mo. 2012); United States v. Delgado, No. CR 11-30162-RAL, 2012 WL 1493756, at *1 (D.S.D. Apr. 26, 2012) (Moreno, J.); see also 1A Charles Alan Wright et al., Federal Practice and Procedure § 143 (4th ed. ) ("As with joinder of defendants, the propriety of joining offenses in a single instrument is typically determined by examining the allegations in the indictment.").

Andrews argues that joinder is improper in this case because all of the counts are not "of the same or similar character." Offenses are of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence to each count overlaps." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (quoting United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979)). "Similar character" means

2

"[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) (alteration in original) (quoting United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam)).

Count I of the superseding indictment is properly joined with Counts II and III. To begin with, all three counts concern allegations that Andrews engaged in nonconsensual sexual conduct with postpubescent females for the purpose of gratifying his own sexual desire. Doc. 33. Although Andrews argues that there are several differences between Count I and Counts II and III, the three counts share enough in common to be considered of "similar character" under Rule 8(a). See Tyndall, 263 F.3d at 850 (upholding joinder of attempted aggravated sexual abuse of thirteen-year-old girl that occurred in a car and involved the use of a knife with attempted aggravated sexual abuse of a sixty-seven-year-old woman that occurred in a house and involved defendant grabbing the woman's arm because both offenses were "impulsive crimes of opportunity where it was alleged that [defendant] had managed to isolate his intended victims"); United States v. Bruguier, No. 11-40012-01-KES, 2011 WL 1833008, at *1 (D.S.D. May 13, 2011) (finding that joinder was proper in multiple-victim case involving charges of aggravated sexual abuse of an adult, incest, and sexual abuse of a minor).

Next, the evidence of all three counts seemingly overlaps because Rule 413 of the Federal Rules of Evidence makes evidence that a defendant committed a similar sexual assault admissible in a sexual assault prosecution such as this one. Rule 413 allows the jury to consider other sexual assault evidence "on any matter to which it is relevant," Fed. R. Evid. 413(a), including the defendant's propensity to commit sexual assault, United States v. Holy Bull, 613 F.3d 871, 873 (8th Cir. 2010); see also United States v. Crow Eagle, 705 F.3d 325, 327 (8th Cir. 2013) (per curiam) (explaining that the purpose of evidence admitted under Rule 413 "is to show

3

the defendant's propensity to commit a similar act of sexual assault"). Evidence offered under Rule 413 is subject to Rule 403, but courts must conduct the Rule 403 balancing test in a manner that allows Rule 413 to have its "intended effect." United States v. Withorn, 204 F.3d 790, 794 (8th Cir. 2000) (quoting United States v. Mound, 149 F.3d 799, 800 (8th Cir. 1998)). Without hearing any evidence concerning Counts I through III, this Court is unable to make a definitive ruling under Rule 413. However, given the above-mentioned similarities between all counts, as well as the "strong legislative judgment" that evidence of other sexual assaults "should ordinarily be admissible," United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997), evidence concerning Count I probably would be admissible in a trial on Counts II and III (and vice versa).

Finally, the twenty-seven month time period between the alleged sexual abuse of E.Z. in February 2013 and the alleged sexual abuse of Chief Eagle in May or June of 2015 is not so great that joinder is improper. The time period between offenses is considered not in isolation but in relation to the similarity of offenses and the possibility of evidentiary overlap. Rodgers, 732 F.2d at 629–30. Because Counts I, II, and III are of similar character and evidence of each offense will likely be admissible to prove the other offenses, the twenty-seven months between Count I and Counts II and III is short enough to justify joinder. See United States v. Davila, No. 12-3579, 2013 U.S. App. Lexis 13476, at *7–9 (8th Cir. May 17, 2013) (unpublished per curiam opinion) (upholding joinder of offenses occurring nearly nine years apart where offenses were of the same character and the evidence of each offense would be admissible in a trial on the other); Bruguier, 2011 WL 1833008, at *2 (holding that charge for sexual abuse of a minor could be joined with sex offenses occurring five years later because all charges were similar and evidentiary overlap was likely).

**II. Severance under Rule 14(a)**

4

Andrews argues that joinder of all the offenses is prejudicial under Rule 14(a) and that Count I should therefore be severed from Counts II and III. Rule 14(a) allows courts to sever counts joined in the same indictment if joinder of the counts appears to prejudice the defendant. Fed. R. Crim. P. 14(a). As the Eighth Circuit has repeatedly recognized, however, "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." McCarther, 596 F.3d at 442; see also United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). Because the evidence concerning Count I would likely be admissible at a separate trial on Counts II and III, Andrews cannot show the requisite prejudice under Rule 14(a).

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Andrews Motion for Ruling of Misjoinder or Severance, Doc. 56, is denied.

Dated this 24th day of June, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

5